

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

ENTERED
04/14/2008

| | | |
|---|---|---|
| IN RE: | § | |
| S.T.F.G., INC. | § | CASE NO: 07-50102 |
|     Debtor(s) | § | |
| | § | CHAPTER 11 |
| | § | |
| STFG, INC. | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 07-5005 |
| | § | |
| INTERNATIONAL BANK OF COMMERCE | § | |
| | § | |
|     Defendant(s) | | |

## MEMORANDUM OPINION
## CONCERNING MOTION TO DISMISS

    Debtor filed an adversary proceeding alleging that the Defendant's foreclosure on property owned by a separate corporate entity, but guaranteed by Debtor under a cross-collateralization agreement, was a violation of the automatic stay. Defendant moved to dismiss the proceeding under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because Debtor held no interest in the property. The motion to dismiss is granted by separate order.

### I.  BACKGROUND

A.    Facts

    The facts as alleged by STFG, Inc., ("Debtor") are as follows:

    Debtor, STFG, Inc., filed a voluntary petition commencing this case under chapter 11 of the Bankruptcy Code on May 25, 2007. Carlos Diaz ("Diaz") is the president of the Debtor.

    On June 5, International Bank of Commerce ("IBC") foreclosed on properties located at 1705 Stonefield, Laredo, Texas and 1604 Stonefield, Laredo, Texas (collectively, the "Properties"). The Properties are owned by STFG Construction, Inc. ("Construction"), not by Debtor, but Construction is a corporation related to Debtor.

    It is undisputed for purposes of this decision that the transactions giving rise to the loans, the liens to secure those, and the connections between the debtor entities arose this way. Debtor, Diaz, and Construction were indebted to IBC and interest was due and possibly was in default.

To pay that interest Debtor, Diaz and Construction executed a second deed of trust securing a loan in the amount of $64,000, which cross-collateralizes the Properties and other parcels of land owned by Debtor with other indebtedness owed by Construction.  From the loan proceeds, $3,452 and $5,070 were used to pay interest due on loans secured by the Properties.

Debtor also deposited $30,000 into a certificate of deposit which was used by Construction to finish building a house at 1604 Stonefield.

B.	Contentions

Debtor contends that the foreclosure is in violation of the automatic stay because of the Debtor's arguable rights in the Properties.  Debtor asks the Court to declare the foreclosure void, find IBC in contempt for willful violation of the stay and sanction IBC, award actual damages, award attorney fees and costs, and assess punitive damages against IBC.

IBC filed its motion to dismiss alleging that Debtor failed to state a claim upon which relief can be granted.  IBC contends Debtor holds no interest in the property because bare title is held by Construction.  Furthermore, IBC foreclosed on the Properties under the first deed of trust executed only by Construction, and not the second deed of trust also executed by Debtor.

## II.   LEGAL ANALYSIS

A.	Standard for Dismissal for Failure to State a Claim

A court may dismiss a suit under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relieve may be granted if, taking the allegations of the complaint as true, the plaintiff is not entitled to relief.  "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000) (*citing Lowrey v. Texas A & M University System*, 117 F.3d 242 (5th Cir. 1997)).  The court may not dismiss a complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lowrey* at 247 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)).

In order to survive the motion to dismiss, Debtor must allege an arguable property interest of the estate in the Properties.  Property interests are created and defined by state law. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).  Debtor alleges an equitable interest in the Properties based on a right of redemption and a right to cure the default through a plan filed under chapter 11 of the Bankruptcy Code.

B.	Debtor's Interest in Foreclosed Property

The filing of the petition under section 301 of the Bankruptcy Code operates as a stay, applicable to all entities, of any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate and any act to create, perfect, or enforce any lien against property of the estate.  *See* Bankruptcy Code § 362(a)(3) and (4).

Defendant contends that no stay was in place, and therefore the stay could not have been violated, because the Properties foreclosed were not property of the Debtor prepetition and did not become property of the estate postpetition.

  1.  Guaranty of a note does not give a property right

 Under Texas law, the rights of a guarantor are not on par with the rights of a maker of a note. In particular guarantors do not have a right of notice of foreclosure. *See*, *United States v. Little Joe Trawlers, Inc.*, 776 F.2d 1249 (5th Cir. 1985); *Long v. NCNB-Texas Nat. Bank*, 882 S.W.2d 861 (Tex. App. – Corpus Christi 1994) (guarantors of note secured by realty were not entitled to notice of foreclosure sale). See also, e.g., *Houston Sash & Door Co. v. Heaner*, 577 S.W.2d 217 (Tex.1979) (guarantor cannot assert maker's usury defense); *Universal Metals & Mach. v. Bohart*, 539 S.W.2d 874 (Tex.1976) (guarantor cannot assert maker's defense of forgery); *Hopkins v. First Nat'l Bank*, 546 S.W.2d 84 (Tex.Civ.App.-Corpus Christi 1976), writ ref'd n.r.e. per curiam, 551 S.W.2d 343 (Tex.1977) (guarantor assumes note maker's obligations without necessarily assuming corresponding rights). The language of the Texas Property Code creates the distinction between note makers and guarantors.

> In 1991 Texas enacted two statutes designed to protect both note makers and guarantors in deficiency suits rising from nonjudicial foreclosures on realty. Tex. Prop. Code Ann. §§ 51.003, 51.005 (Vernon Supp.1993). Trenchantly, neither statute adopts the language of Section 51.002 that identifies the "debtor" as each person "obliged to pay the debt." Rather, Section 51.003 extends specifically to all "persons against whom recovery of the deficiency is sought." Tex. Prop. Code Ann. § 51.003(c). Even more pointedly, Section 51.005 expressly inserts the phrase "including guarantors" after referring to "persons obligated on the indebtedness." Tex. Prop. Code Ann. § 51.005(c). In both statutes, the legislature chose unambiguous language that differs from the phrasing of Section 51.002 when it intended to embrace the guarantor within the scope of the statute's effect.
> *Long*, 882 S.W. 2d at 865-66.

 The right to cure is exclusive to the note maker.

> Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and <u>giving the debtor at least 20 days to cure the default</u> before notice of sale can be given under Subsection (b).
> Tex. Prop. Code Ann. § 51.002(d).

Debtor is not a maker under the first lien and therefore has no right to cure foreclosure under the first deed of trust. Merger of liens is disfavored in Texas unless there is demonstrated an intent of the lienholder to merge the two. *See*, *Smith v. U.S. Nat. Bank of Galveston*, 767 S.W.2d 820 (Tex. App – Texarkana 1989).

    2.    Improvements do not bestow a property right

The consent of a landowner to improvements of property does not vest an equitable property right in the party making improvements.

> Where a landowner gives another person the right to occupy and make improvements on the land for which the owner agrees to pay the cost of the improvement if the land is sold, the improvements become a part of the land and the title thereto vests in the landowner without any equitable lien on the land or improvements in favor of the improver.
> TXJUR *Improvements* § 5 (3d ed. 2007) (citing *Lindsley v. Lewis*, 125 Tex. 630, 84 S.W.2d 994 (1935)).

Any claim, charge, or equity for improvements made is a claim for money and return of funds and is not a right, title, or interest on the land. *Burton v. Bell*, 380 S.W.2d 561, 22 A.L.R.3d 1330 (Tex. 1964). Debtor has presented no facts under which it could claim an equitable interest in the Properties.

C.    Claims Premised on Violation of the Automatic Stay

Debtor has failed to assert facts that create an arguable property interest. Accordingly the Properties are not property of the estate and not subject to the automatic stay, and foreclosure could thus not violate the automatic stay. Accepting the Plaintiff's allegations as true, Plaintiff has failed to state a claim upon which relief could be granted.

### III.    CONCLUSION

By separated order issued this date, the Defendant's motion to dismiss is granted.

SIGNED 04/14/2008.

                                                                 _____
                                                                  Wesley W. Steen
                                                                  United States Bankruptcy Judge